# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0903V
UNPUBLISHED

| | |
|---|---|
| BRAD BUNDESEN,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 28, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On June 20, 2019, Brad Bundesen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered he suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to him on November 3, 2017. Petition at 1. Petitioner further alleges that his injury lasted longer than six months. Petition at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 28, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 28, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $52,981.25, consisting of $52,500.00 for pain and suffering, and $481.25 for past unreimbursed

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,981.25, consisting of $52,500.00 for pain and suffering, and $481.25 for past unreimbursed expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**


<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|                                   |   |                                   |
|-----------------------------------|---|-----------------------------------|
|                                   | ) |                                   |
| BRAD BUNDESEN,                    | ) | No. 19-903V                       |
|                                   | ) | Chief Special Master Brian H. Corcoran |
| Petitioner,                       | ) |                                   |
|                                   | ) |                                   |
| v.                                | ) |                                   |
|                                   | ) |                                   |
| SECRETARY OF HEALTH AND           | ) |                                   |
| HUMAN SERVICES,                   | ) |                                   |
|                                   | ) |                                   |
| Respondent.                       | ) |                                   |
|                                   | ) |                                   |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 15, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Thereafter, on the same date, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his Shoulder Injury Related to Vaccine Administration ("SIRVA") and related sequela.

## I.    Amount of Compensation

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded **$52,981.25.**  The award is comprised of the following: $52,500.00 for pain and suffering, and $481.25 for past unreimbursed expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.        Form of the Award

The parties recommend that the compensation provided to petitioner should be made as

described below, and request that the Chief Special Master's damages decision and the Court's

judgment award the following: [1]

A. Petitioner's Damages

Respondent recommends that the compensation provided to petitioner should be made

through:

> a lump sum of **$52,981.25,** in the form of a check payable to petitioner. This
> amount represents compensation for all damages that would be available under 42
> U.S.C. § 300aa-15(a).

Petitioner agrees.

B. Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future pain and suffering, and future lost wages.

/s/ KYLE E. POZZA_____
Kyle E. Pozza
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3661
Fax: (202) 616-4310
Email: kyle.pozza@usdoj.gov

Dated: October 28, 2020